The City of Schenectady, Appellant, *v.* Catharine A. Furman et al., as Executors, etc., Respondents.

A city has no power to take and appropriate the natural and permanent banks of a non-navigable stream within the municipality without paying to the owner compensation therefor.

Plaintiff's common council passed certain resolutions declaring that obstructions and deposits existed in M. creek, a non-navigable stream, not a public highway, running through the lands of F., defendants'

testator, within the city limits, which obstructions caused stagnant water to accumulate detrimental to health, etc., and requiring the same to be removed at the expense of the owners or occupants. The resolutions contained a description of the width and depth of the creek, which was declared to be its natural and normal channel and grade, and all matter lying in the creek above such grade and channel to be obstructions and deposits. After the adoption of the resolution F. cleaned out the portion of the creek flowing through his lands to its natural and normal bed and banks. Thereafter plaintiff's superintendent of streets entered, cut down the banks and trees growing thereon, and widened the natural channel. *Held*, that an action was not maintainable to recover the expenses so incurred; that the work done by F. was all that the common council had power to require.

Reported below, 78 Hun, 87.

(Argued March 18, 1895 ; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 8, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Circuit without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. W. Jackson* for appellant. The resolution of April 16, 1889, by the confirmation thereof, is conclusive in this action as to all the facts therein stated and adjudged. They are *res judicata*. (*In re De Peyster*, 80 N. Y. 572; *In re Amsterdam*, 126 id. 164 ; *Suprs.* v. *Briggs*, 2 Den. 33 ; *Van Wormer* v. *Mayor, etc.*, 15 Wend. 263 ; *Demarest* v. *Darg*, 32 N. Y. 290 ; *Smith* v. *Hemstreet*, 54 id. 644 ; *White* v. *Coatsworth*, 2 Seld. 139 ; *Gates* v. *Preston*, 41 N. Y. 113; *Colton* v. *Beardsley*, 38 Barb. 29–39 ; *Merewood* v. *New York*, 6 How. Pr. 386–388; *Wiencke* v. *N. Y. C. & H. R. R. R. Co.*, 133 N. Y. 656 ; *Bumstead* v. *Reed*, 31 Barb. 661 ; *Roderigas* v. *E. R. S. Inst.*, 63 N. Y. 464 ; *Porter* v. *Perry*, 29 id. 106.) The exercise of the police power of a municipal corporation for the abatement of a nuisance at the expense of the owner of the land where it exists, is not limited to nuisances created

or maintained by such owner. ( *Vill. of Carthage* v. *Fredericks*, 122 N. Y. 268; *Wenzlich* v. *McCotter*, 87 id. 127.) Every citizen holds his property subject to the proper exercise of this police power, either by the state directly or by municipal corporations to which the state may delegate it. Laws of this character, though they may disturb the enjoyment of individual rights, are not unconstitutional, though no provision is made for compensation for such disturbances. ( *Vill. of Carthage* v. *Frederick*, 122 N. Y. 268; *Hart* v. *City of Albany*, 9 Wend. 593; *Mayor, etc.,* v. *Williams*, 15 N. Y. 502; *Lawton* v. *Steele*, 119 id. 226; *Coates* v. *Mayor, etc.,* 7 Cow. 585; *Comm.* v. *Alger*, 7 Cush. 84; *Watertown* v. *Mayo*, 109 Mass. 315.) "Due process of law" is a due course of legal proceedings adapted to the nature of the case, in which the citizen has an opportunity to be heard, and to enforce and protect his rights. (*Stuart* v. *Palmer*, 74 N. Y. 191; Parker & Worthington on Public Health & Safety, § 248; *People* v. *Board of Health*, 58 Hun, 599; *Davison* v. *City of New Orleans*, 96 U. S. 97.)

*Robert J. Landon* for respondent. The resolution of April sixteenth was not complied with by the common council, and the common council did not give notice of a hearing upon the amendment, and did not, after a hearing, again consider the amendment and confirm or modify it. No foundation, therefore, has been laid for defendant's liability. (61 Hun, 171–174; *Sharp* v. *Speir*, 4 Hilt. 76; *In re Douglass*, 46 N. Y. 42; *In re City of Buffalo*, 78 id. 362; *In re Anderson*, 60 id. 457; *Osterhout* v. *Rigney*, 98 id. 222–234; *Kamp* v. *Kamp*, 59 id. 212; *Schenck* v. *Mayor, etc.,* 69 id. 444; *Rockwell* v. *Carpenter*, 25 Hun, 529; *Adams* v. *Ash*, 46 id. 105; *Ashton* v. *City of Rochester*, 60 id. 372.) The charter power to establish and define the boundaries and grade of the creek is independent of the power by resolution to direct and require the removal of deposits, and it is only as to the latter power that an opportunity to be heard is afforded. The establishment of the boundaries and grade is, therefore, with-

out due process of law and void. (*Tripler* v. *Mayor, etc.*, 125 N. Y. 617; *Stuart* v. *Palmer*, 74 id. 183; *Remsen* v. *Wheeler*, 105 id. 573, 579; *In re U. E. R. R. Co.*, 112 id. 61, 75.) The common council had no power to adjudge as it did that "all earth and other matter lying in and above such grade and channel as so described are obstructions and deposits in said stream." (*In re Lange*, 85 N. Y. 307; *McLean* v. *Jephson*, 123 id. 142; *In re Walker*, 136 id. 29; *Beardslee* v. *Dolge*, 143 id. 160.) If plaintiff insists that the confirmation on April twenty-third made all matters contained in the resolution of April sixteenth *res adjudicata*, a sufficient answer is that the city did not comply with that resolution. (*In re Lange*, 85 N. Y. 310.) The city, in carrying out the resolution and while acting within the resolution, widened the stream. The charter expressly restricts the power of the common council in the premises by these words: "Provided, however, that none of the rights of any of the owners of land bounded or abutting upon such watercourses or streams, shall be impaired or affected by this act." (Laws of 1877, chap. 146, § 2; *Sharp* v. *Johnson*, 4 Hill, 92.) The scheme of determining the boundaries and grade of natural watercourses and directing and requiring the removal of obstructions, deposits and encroachments provided by the charter, whether taken in its separate parts or as an entirety, is unconstitutional, in that it is a taking of private property without due process of law, and without just compensation. (*People* v. *Platt*, 17 Johns. 195; *Smith* v. *City of Rochester*, 92 N. Y. 463; *Clinton* v. *Myers*, 46 id. 511; *Bullard* v. *S. V. M. Co.*, 77 id. 525; *Sage* v. *City of Brooklyn*, 89 id. 189, 195, 196; *Gardner* v. *City of Newburgh*, 2 Johns. Ch. 162; *People* v. *Haines*, 49 N. Y. 587; 61 Hun, 177.) The charter provisions for the collection of the cost and expense are unconstitutional in that they do not provide for a hearing of the lot owner. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Remsen* v. *Wheeler*, 105 id. 573; *In re McPhearson*, 104 id. 306, 321; *In re U. E. R. R. Co.*, 112 id. 61, 75; *People* v. *O'Brien*, 111 id. 1, 62; *McLaughlin* v. *Miller*, 124 id. 510, 517;

*Davidson* v. *City of New Orleans,* 96 U. S. 97; *Hager* v. *Reclamation Dist.,* 111 id. 701; *Kentucky Tax Cases,* 115 id. 321; *Dent* v. *West Virginia,* 129 id. 114.) The charter scheme upon which this suit depends is unconstitutional and void, for the reason that by it the cost of the work is made a personal charge to the extent that the lot owner is possessed of goods and chattels, instead of a charge upon the land. (*Davidson* v. *City of New Orleans,* 96 U. S. 106.)

Haight, J. This action was brought to recover the expenses incurred by the plaintiff in removing certain alleged obstructions and deposits from Mill creek where it runs through the lands of the defendants' testator. Mill creek is a non-navigable, natural watercourse, not a public highway, running through the plaintiff's boundaries. On the 16th day of April, 1889, the plaintiff's common council adopted a series of resolutions in and by which they declared that obstructions and deposits existed in Mill creek running through the defendants' testator's lands and that such obstructions and deposits caused large bodies of stagnant water to accumulate detrimental to health, the removal of which was proper and necessary and that such removals should be made at the expense of the owners or occupants of the lots adjoining that portion of the creek. The resolution then proceeded to describe the width and depth of the creek and concluded by adjudging the description so given to constitute the natural and normal channel and grade of the creek, and that all earth and other matter lying in and above such grade and channel, as described, to be obstructions and deposits in the stream. The description, however, does not locate the center line of the stream or the banks thereof farther than to specify the width of the channel. The five days' notice required by the charter of the final adoption of these resolutions was then given and on the 23rd day of April they were ratified and confirmed. Subsequently, and on the 7th day of May, 1889, the common council adopted another resolution amending that adopted on the 16th and confirmed on the 23d, by

reducing the width of the stream and changing the slopes of the banks. Thereafter and in August, 1889, the plaintiff's superintendent of streets entered Mill creek where it flows through defendants' premises, cut down banks and widened the natural channel of the stream, excavating the earth therefrom, and in so doing cut several trees growing on the banks thereof and dug out the stumps, making a new channel for the creek. Can the plaintiff recover for the expenses incurred in doing this work?

The trial court has found as a fact that after the adoption of the resolutions alluded to and during the month of July, 1889, and before the plaintiff's superintendent entered upon the excavation of the creek, the defendants' testator cleaned out the creek where it flowed through his lands from bank to bank to the hard pan thereof, and to the natural and normal bed and banks of the stream. These findings are based upon the testimony of the witness McGowan whose statement we do not understand to be controverted. To our minds these findings dispose of the plaintiff's case, for, assuming the resolutions of the plaintiff's common council to be regular, these findings show a compliance therewith on the part of the defendants' testator. He caused the channel of the creek to be cleaned to the natural and normal banks and bed thereof. This is all that the common council had the power to require. If by its resolutions it required more they were unauthorized and void, for the city had no right or power to take and appropriate his lands along the natural and permanent banks of the stream without rendering him compensation therefor either under the Constitution or the statutes. This question was fully discussed by LEARNED, P. J., when this case was first considered in the General Term. (61 Hun, 171.) We fully approve of the views then expressed with reference to this branch of the case.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.